UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------x
                                        :
BENJAMIN ARAUJO                         :
                                        : Civil No. 3:03CV00157 (AWT)
v.                                      : Crim. No. 3:01CR00195 (AWT)
                                        :
UNITED STATES OF AMERICA                :
                                        :
------------------x

### RULING ON PETITIONER'S MOTION FOR A REDUCED SENTENCE

For the reasons set forth below, the petitioner's motion for a reduced sentence is being denied.

**I.   Background**

On September 25, 2001, the petitioner pled guilty to illegal reentry into the United States after having been deported on account of his 1995 conviction in the State of New York for rape in the second degree in violation of New York Penal Code § 130.30, for which he was sentenced to a one-year term of imprisonment. On February 13, 2002, this court sentenced the petitioner to 57 months of imprisonment. The United States Sentencing Commission's November 1, 2001 Guidelines Manual was used in determining the petitioner's sentence. See Presentence Report at ¶ 16. Under the November 2001 version of the Sentencing Guidelines, the illegal reentry charge carried a base offense level of 8, with an increase of 16, 12, 8 or 4 levels, respectively, if the petitioner's offense followed a conviction for certain specified offenses. See U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)-(E) (2001). Relevant to the petitioner's

case is the fact that the applicable version of § 2L1.2(b)(1)(A)(ii) provided for an increase of 16 levels if the reentry followed a conviction for a crime of violence, and § 2L1.2(b)(1)(C) provided for an increase of 8 levels if the reentry followed a conviction for an aggravated felony.

The petitioner's 1995 rape conviction made the 16-level enhancement applicable because his 1995 rape conviction constituted a crime of violence. Application Note 1(B)(ii)(II) provided that a crime of violence included "forcible sex offenses (including sexual abuse of a minor)." U.S. Sentencing Guidelines Manual at 217 (2001).

The petitioner objected to the 16-level enhancement by means of defense counsel's December 18, 2001 letter, which was attached to the Addendum to the Presentence Report, contending that only an 8-level enhancement pursuant to § 2L1.2(b)(1)(C) was appropriate. Defense counsel conceded, however, that the petitioner's position was not supported by precedent in the Second Circuit or other circuits and noted that he wished to preserve the petitioner's objection because the Second Circuit had never ruled on the issue raised by the petitioner in the context of the Sentencing Guidelines, as opposed to in the context of immigration matters. The court overruled the petitioner's objection to the 16-level increase, concluding that the defendant had been convicted of statutory rape under New York

law and the offense constituted sexual abuse of a minor. The court relied on Muqalli v. Ashcroft, 258 F.3d 52, 60-61 (2d Cir. 2001).

## II. Discussion

It is well-settled that a petitioner may collaterally attack a sentence under § 2255 on very limited grounds. "[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Therefore, the petitioner would have to show both that the sentencing court made a fundamental error and that he is not subject to any procedural bar. Absent an applicable exception, if "a petitioner does not bring a claim on direct appeal, he is barred from raising [it] in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." Amiel v. United States, 209 F.3d 195, 198 (2d Cir. 2000) (citing Billy-Eko v. United States, 8 F.3d 111, 113-14 (2d Cir. 1993)).

Here the petitioner did not appeal, and he has made no showing of cause and prejudice. There is no statement by the

petitioner as to why he failed to take a direct appeal, and in the absence of any applicable exception, he is procedurally barred from raising any challenge to his sentence.

Moreover, even if the petitioner could have brought his claim, he cannot make a showing of any error, much less the weighty showing of fundamental error required under a § 2255 petition. See, e.g., Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) ("[I]nsofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, we join several other circuits in holding that, absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion . . . .").

The petitioner argues that if he had been sentenced after November 1, 2001, the applicable range under the Sentencing Guidelines would have been lower. However, the petitioner was sentenced on February 12, 2002, and the November 1, 2001 version of the Guidelines Manual was used in his case. Applying the November 1, 2001 version of the Sentencing Guidelines to the petitioner's case, the court concluded that the 16-level enhancement was appropriate because he had been previously convicted of a crime of violence.

Because the petitioner was, in fact, sentenced pursuant to the November 1, 2001 version of the Sentencing Guidelines, his

argument for a modified sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to modify a sentence if the term of imprisonment was based on a sentencing range that was subsequently reduced by an amendment to the Sentencing Guidelines, is inapposite.

### III. Conclusion

For the reasons set forth above, the petitioner's motion for a reduced sentence (Doc. No. 19) is hereby DENIED.

It is so ordered.

Dated this 21st day of June 2006, in Hartford, Connecticut.

                                    _____
                                    Alvin W. Thompson
                                    United States District Judge